Mark GAMBRILL, Plaintiff–Appellee,

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS; Rick Armstrong, Chief of Police, in his official and individual capacities; James Brown, Assistant Chief of Police, in his official and individual capacities; Greg Lawson, in his official and individual capacities, Captain; Curtis Nicholson, in his official and individual capacities, Captain; Kevin Steele, Assistant Chief of Police, in his official and individual capacities; Michael York, in his official and individual capacities, Captain; Terry Zeigler, Assistant Chief of Police, in his official and individual capacities, Defendants–Appellants.

Trung Hoang, Plaintiff–Appellee,

v.

Unified Government of Wyandotte County/Kansas City, Kansas; Rick Armstrong, Chief of Police, in his official and individual capacities; James Brown, Assistant Chief of Police, in his official and individual capacities; Greg Lawson, Captain, in his official and individual capacities; Curtis Nicholson, Captain, in his official and individual capacities; Kevin Steele, Assistant Chief of Police, in his official and individual capacities; Michael York, Captain, in his official and individual capacities; Terry Zeigler, Assistant Chief of Police, in his official and individual capacities, Defendants–Appellants.

Jeffery Gardner, Plaintiff–Appellee,

v.

Unified Government of Wyandotte County/Kansas City, Kansas; Rick Armstrong, Chief of Police, in his official and individual capacities; James Brown, Assistant Chief of Police, in his official and individual capacities; Greg Lawson, Captain, in his official and individual capacities; Curtis Nicholson, Captain, in his official and individual capacities; Kevin Steele, Assistant Chief of Police, in his official and individual capacities; Michael York, Captain, in his official and individual capacities; Terry Zeigler, Assistant Chief of Police, in his official and individual capacities, Defendants–Appellants.

Michael Mills, Plaintiff–Appellee,

v.

Unified Government of Wyandotte County/Kansas City, Kansas; Rick Armstrong, Chief of Police, in his official and individual capacities; James Brown, Assistant Chief of Police, in his official and individual capacities; Greg Lawson, Captain, in his official and individual capacities; Curtis Nicholson, Captain, in his official and individual capacities; Kevin Steele, Assistant Chief of Police, in his official and individual capacities; Michael York, Captain, in his official and individual capacities; Terry Zeigler, Assistant Chief of Police, in his official and individual capacities, Defendants–Appellants.

Nos. 14–3229, 14–3233, 14–3234, 14–3235.

United States Court of Appeals, Tenth Circuit.

Feb. 5, 2016.

Donald Aubry, Steve A.J. Bukaty, Chartered, Overland Park, KS, for Plaintiff–Appellee.

Henry Edward Couchman, Jr., Legal Department, Ryan B. Denk, Teresa A. Mata, Robert M. Smith, McAnany, Van Cleave & Phillips, Kansas City, KS, for Defendant–Appellant.

Before GORSUCH, MURPHY, and McHUGH, Circuit Judges.

**ORDER AND JUDGMENT** *

NEIL M. GORSUCH, Circuit Judge.

After another panel of this court issued *Callahan v. Unified Government of Wyandotte County*, 806 F.3d 1022 (10th Cir. 2015), we asked the parties to present supplemental briefs on the question whether that decision controls the disposition of these cases. In their submission, the appellants argue that *Callahan* controls, noting that these cases and that one arise from the same facts and involve the same legal claims. The appellees do not dispute the appellants' position but encourage us to revisit the merits of *Callahan* because it was wrongly decided. The appellees' invitation, of course, is one we must decline, for a later panel of this court is bound by the decision of an earlier panel. *See, e.g., LeFever v. C.I.R.*, 100 F.3d 778, 787 (10th Cir.1996). Finding *Callahan*'s guidance controlling, we follow its direction. And so we reverse the district court's denial of

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

qualified immunity to the individual defendants and dismiss the Unified Government's appeals for lack of jurisdiction. *See Callahan,* 806 F.3d at 1024.